## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HOPE ANN HUTMAN, | : | |
| 2844 Wisconsin Avenue, Apt. 1008 | : | |
| Washington, DC 20007 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 1:18-cv-1522 |
| | : | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | : | |
| | : | |
| Serve: CT Corporation System | : | |
| 1015 15th St. NW, Suite 1000 | : | |
| Washington, DC 20005 | : | |
| | : | |
| and | : | |
| | : | |
| AMERICAN EXPRESS COMPANY | : | |
| | : | |
| Serve: CT Corporation System | : | |
| 1015 15th St. NW, Suite 1000 | : | |
| Washington, DC 20005 | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

COMES NOW the Plaintiff, Hope Ann Hutman ("Plaintiff"), by counsel, and for her Complaint against the Defendants, she alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for statutory, actual, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

2.     The purpose of the FCRA is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with

regard to the confidentiality, *accuracy*, relevancy, and proper utilization of such information." 15 U.S.C. § 1681 (emphasis added). In furtherance of its underlying purposes, the FCRA sets out requirements and obligations that consumer reporting agencies must follow when consumers dispute the accuracy of the information reported in their credit reports. 15 U.S.C. § 1681i.

3.      In this case, American Express, erroneously furnished inaccurate, derogatory information that was reported on Plaintiff's credit reports. After Plaintiff disputed the inaccurate information with Experian, Defendants failed to correct her credit reports.

4.      Accordingly, Plaintiff alleges claims against Experian for failing to reasonably ensure the maximum possible accuracy of Plaintiff's credit reports in violation of the FCRA, 15 U.S.C. §1681e(b), and for failing to fulfill its reinvestigation duties in violation of the FCRA, 15 U.S.C. § 1681i.

5.      Plaintiff also alleges claims against American Express for failing to fully and properly investigate Plaintiff's disputes and to review all relevant information provided by the consumer reporting agencies in violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1).

## JURISDICTION

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

8.      Plaintiff is a natural person residing in Washington, D.C., and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. §1681a(c).

9.    Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation that is licensed to conduct business in the District of Columbia.

10.    Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

11.    Defendant American Express Company ("American Express") is a New York corporation that is licensed to conduct business in the District of Columbia. At all times relevant to this Complaint, American Express was a furnisher as governed by the FCRA.

## FACTS

12.    In or around May 2018, Plaintiff checked her credit reports and learned that American Express was reporting that she had a charged off account for which she was individually liable.

13.    This information was incorrect. This was a business account for which Plaintiff never agreed to be personally liable. In addition, the business that opened this account, Essential Real Estate Management, filed for bankruptcy and received a discharge in September 2009. This account was included in that discharge.

14.    In May 2018, Plaintiff submitted an online dispute to Experian indicating that the account should not be listed on her personal credit report.

15.    Upon information and belief, Experian forwarded this dispute to American Express.

16.    American Express failed to conduct a reasonable investigation on the Plaintiff's dispute and continued to report that Plaintiff was individually liable for the account.

17.     Experian also failed to conduct a proper investigation in response to Plaintiff's dispute and continued to report the inaccurate account information in Plaintiff's credit file.

18.     Plaintiff sent a follow-up dispute letter to Experian by mail on June 13, 2018, explaining that the account was a business account, that she had never agreed to be personally liable for the account, and that the account had been included in her business's bankruptcy discharge.

19.     Despite Plaintiff's dispute, American Express again refused to conduct an adequate investigation or correct the inaccurate information.

20.     Additionally, Experian also refused to correct the inaccurate, derogatory information and continued to report it on the Plaintiff's credit reports.

21.     Because of the Defendants' conduct, Plaintiff suffered actual damages including, but not limited to, the denial of credit and a decreased credit score.

### Defendants' FCRA Violations Were Willful

22.     As a standard practice, Experian does not conduct independent investigations in response to consumer disputes. Instead, it merely parrots the response of the furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that

information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

23.     Upon information and belief and consistent with its standard policies and procedures, Experian automatically generated its "investigation" results once American Express provided its response to Plaintiff's disputes and verified the status of the account, and Experian did not take any additional actions to verify the accuracy of the information that American Express provided.

24.     Instead, Experian blindly accepted American Express's version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit reports.

25.     Experian continues the practice of parroting the response from the furnisher despite numerous lawsuits alleging (and establishing) that it fails to conduct a reasonable investigation as required by the FCRA.

26.     Experian does not intend to modify its dispute-processing procedures because doing so would drastically increase its operating expenses.

27.     Therefore, at all times relevant to this Complaint, Experian's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, its conduct was willful because it ran a risk of harm that was known, or so obvious it should have been known, by failing to implement any procedure to identify and correct these common errors prior to furnishing reports.

28.     In addition, at all times pertinent to this Complaint, American Express's processing of consumer reports was willful and carried out in reckless disregard for a consumer rights as set forth under the FCRA. By example only and without limitation, American Express's conduct was willful because it was intentionally accomplished through intended procedures and

as American Express's efficiency in processing disputes is believed to be more important than making sure that the disputes are investigated thoroughly and accurately.

## COUNT ONE:
## VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)
## (DEFENDANT EXPERIAN)

29.     Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

30.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained.

31.     Because of Experian's conduct, Plaintiff suffered actual damages, including without limitation: credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

32.     Experian's conduct in violating § 1681e(b) was willful, rendering it liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## COUNT TWO:
## VIOLATION OF FCRA, 15 U.S.C. § 1681i
## (DEFENDANT EXPERIAN)

33.     Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

34.     Experian violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide American Express with all the relevant information regarding Plaintiff's disputes in violation of § 1681i(a)(2); (3) failing to

review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); and (4) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A).

35.     Because of Experian's violations of §1681i, Plaintiff suffered actual damages, including but not limited to: credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

36.     Experian's violations of § 1681i were willful, rendering it liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

**COUNT THREE:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(A)**
**(DEFENDANT AMERICAN EXPRESS)**

37.     Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

38.     On one or more occasion within the past two years, by example only and without limitation, American Express violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

39.     When Plaintiff disputed her account with the credit bureaus, American Express used a dispute system named, "e-Oscar," which has been adopted by the consumer reporting agencies and their furnisher-customers such as American Express. E-Oscar is an automated system, and the procedures used by the credit reporting agencies are systemic and uniform.

40.     When the credit bureaus receive consumer disputes, they (usually via an outsourced vendor) translate each dispute into an automated consumer dispute verification ("ACDV") form.

41.     Upon information and belief, the ACDV form is the method by which American Express has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

42.     Upon information and belief, Plaintiff alleges that the credit bureaus forwarded Plaintiff's dispute via an ACDV to American Express.

43.     American Express understood the nature of Plaintiff's disputes when it received the ACDV form.

44.     Upon information and belief, when American Express received the ACDV form containing Plaintiff's disputes, American Express followed a standard and systemically unlawful process where it only reviews its own internal computer screen for the account and repeats back the same information to the ACDV system that was previously reported to the credit reporting agency.

45.     Upon information and belief, when American Express receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether the information already in its computer system is itself accurate.

46.     Because of American Express's violations of 15 U.S.C. § 1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

47.     American Express's conduct in violating § 1681s-2(b)(1)(A) was willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, American Express was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

48.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from American Express in an amount to be determined pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT FOUR:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(B)**
**(DEFENDANT AMERICAN EXPRESS)**

49.     Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

50.     On one or more occasions within the past two years, by example only and without limitation, American Express violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the credit bureaus.

51.     As Plaintiff detailed in the previous Count, American Express has elected to use the e-Oscar system for its FCRA disputes received through the consumer reporting agencies.

52.     American Express was aware of the meaning of the several dispute codes used by the consumer reporting agencies in e-Oscar.

53.     American Express does not contend that the ACDV system is an inadequate means to receive FCRA disputes through the consumer reporting agencies.

54.     American Express understood Plaintiff's disputes and that Plaintiff claimed the information was inaccurate.

55.     Because of American Express's violations of 15 U.S.C. § 1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

56.     American Express's violations of 15 U.S.C. § 1681s-2(b)(1)(B) were willful, rendering it liable for punitive damages in an amount to be determined pursuant to 15 U.S.C. §

1681n. In the alternative, American Express was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

57.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from American Express in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

<u>**COUNT FIVE:**</u>
**VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(C) and (D)**
**(DEFENDANT AMERICAN EXPRESS)**

58.     Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

59.     On one or more occasions within the past two years, by example and without limitation, American Express violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing its representations within Plaintiff's credit files without also including a notation that the account was disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

60.     Specifically, American Express failed to add a CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to the credit reporting agencies, which would have indicated that the account was disputed.

61.     Upon information and belief, Plaintiff alleges that American Express rarely, if ever, added the CCC that an account was disputed when it responded to ACDV forms.

62.     Furthermore, American Express knew that Plaintiff disputed the subject account through her dispute letters to the credit reporting agencies.

63.     Plaintiff's disputes were bona fide as she was not individually liable for the account, which was a business account that had been included in a bankruptcy.

64.     Because of American Express's violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

65.     American Express's violations were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, American Express was negligent, entitling Plaintiff to recover against American Express under 15 U.S.C. §1681o.

66.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from American Express in an amount to be determined pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendants; for her attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully Submitted,
**HOPE ANN HUTMAN**

By:__/s/ Kristi C. Kelly_____
Counsel

Kristi Cahoon Kelly, Esq., DC No. 974872
Casey S. Nash, Esq., DC No. 1028868
KELLY & CRANDALL, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Phone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: casey@kellyandcrandall.com

*Counsel for Plaintiff*